IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GOLD FISH LLC, )
)
        Plaintiff, )
)
v. ) 1:20cv119
)
ROWAN COUNTY SHERIFF )
KEVIN L. AUTEN, *in his official capacity*, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion to Remand this action to state court filed on April 13, 2020. (ECF No. 10.) For the reasons stated below, Plaintiff's motion will be granted.

Plaintiff, Gold Fish, LLC ("Gold Fish"), is a limited liability company that operates thirteen "sweepstakes businesses" in Rowan County, North Carolina. (ECF No. 3 at 1.) Plaintiff initiated this action against Defendant, Rowan County Sheriff Kevin L. Auten ("Sheriff Auten"), in Superior Court in Rowan County on January 28, 2020. (ECF No. 1 ¶ 1.) According to Plaintiff's Complaint, on or about January 13, 2020, members of the Rowan County Sheriff's Department ("Sheriff's Department") visited Plaintiff's thirteen sweepstakes locations and delivered letters to each communicating the Sheriff's Department's intent to "vigorously enforce the laws of the state of North Carolina as they pertain to illegal gambling, which includes Sweepstakes, Fish Games, and the like."[1] (ECF No. 3 at 6) (internal quotations

---

[1] In its Complaint, Plaintiff identified the following North Carolina statutes as being the "Sweepstakes and Gambling Criminal Statutes": (1) N.C. GEN. STAT. 14-292, (2) N.C. GEN. STAT. 14-293, (3) N.C. GEN. STAT.

omitted). The Complaint further alleges that the letters stated that the Sheriff's Department intended to make arrests and "seize equipment and profits from illegal businesses." (*Id.* (internal quotations omitted)).

Plaintiff's Complaint seeks two forms of relief: (1) a declaratory judgment as to whether Plaintiff's software violates provisions of North Carolina Sweepstakes and Gambling Statutes and whether the Rowan County Sheriff's Department and other state agents may employ or enforce North Carolina Sweepstakes and Gambling Statutes against Plaintiff, (ECF No. 3 at 7–8); and (2) an injunction against Defendant prohibiting the Sheriff's Department and others from taking steps to enforce the Sweepstakes and Gambling Statutes against it, (*id.* at 10). On February 6, 2020, Defendant removed the action to this Court asserting that the basis of removal was federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. (ECF No. 1 ¶ 2.)

Plaintiff argues that this case should be remanded because "there is no diversity of citizenship . . . and there is no federal question."[2] (ECF No. 14 at 2.) In response, Defendant contends that he properly removed the case on the basis of federal question jurisdiction and argues that the "Complaint relies in part on the Fourteenth Amendment." (ECF No. 15 at 1.) In addition, Defendant asserts that Plaintiff, in its Brief, concedes that its Complaint articulates

---

14-301, (4) N.C. GEN. STAT. 14-306, (5) N.C. GEN. STAT. 14-306.1A, AND (6) N.C. GEN. STAT. 14-306.4. (ECF No. 3 at 2.) The Court will refer to these statutes collectively as "North Carolina Sweepstakes and Gambling Statutes."

[2] The Court notes that Plaintiff filed a Brief in Support of its Motion to Remand on April 13, 2020, (ECF No. 11), and subsequently filed a document titled "Corrected Brief in Support of Motion to Remand" on May 5, 2020, that made minor grammatical changes but did not substantively alter its argument, (ECF No. 14). In his Response to Plaintiff's motion, Defendant acknowledges and responds to the Corrected Brief. (ECF No. 15 at 1, n.1.) The Court will therefore treat the Corrected Brief as the operative Brief.

an argument relying on the Fourteenth Amendment and stated that "this action sits equally well in state or federal court." (*Id. (citing ECF 14 at 9–10)*)

In a removal case, the removing party has the burden to demonstrate that a federal court has subject-matter jurisdiction over the case. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court must strictly construe its removal jurisdiction and, if jurisdiction is doubtful, remand is necessary and required. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A civil action can 'arise under' federal law in two ways." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). "Most commonly, 'a case arises under federal law when federal law creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). However, there is also a "slim category" of cases, *Gunn*, 568 U.S. at 258, "in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)). In such instances, "there must be a substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary

federal issue or a claim that, properly analyzed, arises only under state law." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722 (Rev. 4th ed. 2020.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[t]he mere reference to some aspect of federal law in the complaint does not automatically mean that an action is removable." Wright & Miller, *supra*, § 3722; *see also Merrell Dow Pharms. Inc. v. Thompson,* 478 U. S. 804, 813 (1986) ("'[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

In this case, Defendant's Petition for Removal sets forth as the jurisdictional basis for removal the following:

> This Court has jurisdiction over this case because this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, federal question. The plaintiff alleges violations of its rights under "the Due Process Clause of the North Carolina Constitution" and "the Equal Protection clauses [sic] of the North Carolina Constitution" (Compl., 2nd Claim for Relief, ¶¶ 8 and 9), but these clauses are contained in the Fourteenth Amendment of the United States Constitution, not the North Carolina Constitution, which has no such clauses. Thus, it is apparent that the plaintiff meant the United States Constitution.

(ECF No. 1 ¶ 2.)

Contrary to Defendant's statement in his Petition for Removal, the Court does not and cannot simply assume that Plaintiff was attempting to bring claims under the Due Process and Equal Protection clauses of the United States Constitution. Nor does the Court find that Defendant's reference to another case pending in this District against Defendant that involves

4

the same plaintiff's counsel and corporate officer, *CMBS LLC, d/b/a Fish Game Kings, and NLG Software, LLC v. Rowan County Sheriff Kevin L. Auten,* No. 1:20-cv-00073-WO-JLW, which Defendant removed from North Carolina State court, provides support for his contention that Plaintiff in this case was attempting to bring claims under the Due Process and Equal Protection clauses of the United States Constitution. (ECF No. 1 ¶ 2.) First, unlike in this case, the removal petition in the *CMBS* matter asserts a second independent basis for federal jurisdiction—diversity of citizenship—which is not, and cannot be, asserted in the instant matter.[3] Second, the face of the complaint in the *CMBS* matter ("*CMBS* complaint") specifically references the United States Constitution, (*see CMBS* Compl. [ECF No. 3]*,* No. 1:20-cv-00073-WO-JLW, at 7), whereas the face of the Complaint in the instant matter notably makes no such reference. (ECF No. 3. at 9). Finally, Defendant's contention fails because, "[u]nder the 'well-pleaded complaint' rule, a plaintiff is the master of [its] complaint, and where [it] could state claims under both state and federal law, [it] can prevent federal jurisdiction by resting only on the state claims." *Andrews v. Daughtry*, No. 1:12-CV-00441, 2013 WL 664564, at *5 (M.D.N.C. Feb. 22, 2013) (citing *Caterpillar*, 482 U.S. at 392.)

Though on its face Plaintiff's Complaint references the Equal Protection clause and the Due Process clause, it expressly makes those references with respect to the North Carolina Constitution. (ECF No. 3 at 9.) It is not for the Court to surmise Plaintiff's reasons for doing so. Furthermore, while Plaintiff likewise mentions the terms in an argument, it does not use either as a basis for relief. These references are not sufficient to convert Plaintiff's claims into Equal Protection and Due Process claims under the United States Constitution. Here, the

---

[3] A review of the record in *CMBS* does not articulate the basis upon which the Court exercises jurisdiction.

Case 1:20-cv-00119-LCB-LPA Document 16 Filed 10/19/20 Page 5 of 8

Complaint sets forth only two claims for relief, which both seek judicial action with respect to the North Carolina Sweepstakes and Gambling Statutes and their applicability to Plaintiff. This Court is, therefore, unable to find that Plaintiff's action is one in which the United States Constitution creates the causes of action asserted.

Thus, unless Plaintiff's action falls within the "slim category" of cases where state law supplies the cause of action but federal courts have jurisdiction because the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, this case must be remanded to state court. To make this determination the Court must apply the four-part test articulated by the Supreme Court in *Gunn,* that "a federal issue [must be]: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four elements must be satisfied. *Id.* The Supreme Court cautions courts in exercising jurisdiction in this category of cases, which the Court states lie at "the outer reaches of § 1331." *Burrell*, 918 F.3d at 380 (quoting *Merrell Dow,* 478 U.S. at 810).

First, for a federal question to be "necessarily raised" it must be a "'necessary element of one of the well-pleaded state claims.'" *Id.* at 381 (quoting *Franchise Tax Bd.*, 463 U.S. at 13 (1983)). "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that '*every* legal theory supporting the claim requires the resolution of a federal issue.'" *Id.* at 383 (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). Here, Plaintiff requests a declaratory judgement and injunction exclusively related to North Carolina Sweepstakes and Gambling Statutes. Neither cause of action requires the resolution of a federal question to resolve the claim.

6

Second, Plaintiff's Complaint does not demonstrate that a federal question is "actually disputed" by the parties. Even if the Court were inclined to accept Defendant's contention that it should understand "North Carolina Constitution" to mean "United States Constitution," the dispute in the instant matter is not whether Plaintiff's rights were violated under the Due Process and Equal Protection clauses, although Plaintiff claims those clauses were violated. Rather, the dispute involves Plaintiff's quarrel with the manner in which Defendant enforces North Carolina Sweepstakes and Gambling Statutes and seeking of clarification on whether the statutes may be enforced against it. Thus, no federal question is "actually disputed" by the parties.

Third, Plaintiff's Complaint does not demonstrate that a "substantial" federal question exists to be resolved by this Court. The fact "that a plaintiff's state-law claim necessarily raises some contested federal issue" is insufficient for establishing substantiality. *Burrell*, 918 F.3d at 384; *see also Merrell Dow*, 478 U.S. at 813. A substantial federal question generally involves "the constitutionality or construction of a federal statute." *Burrell*, 918 F.3d at 385 (citation omitted). Furthermore, "a 'substantial' question generally will involve a 'pure issue of law,' rather than being 'fact-bound and situation-specific,' because the crux of what makes a question 'substantial' for § 1331 purposes is that it is 'importan[t] . . . to the federal system as a whole,' and not just to the 'particular parties in the immediate suit[.]'" *Id.* (internal citations omitted). This case does not require the Court to determine the constitutionality of North Carolina Sweepstakes and Gambling Statutes, nor is there a pure issue of law regarding a federal statute. Rather, this case only involves the construction, applicability, and enforcement of state statutes. Thus, no "substantial" federal question exists.

7

Case 1:20-cv-00119-LCB-LPA   Document 16   Filed 10/19/20   Page 7 of 8

Under § 1331, federal question jurisdiction only exists in a case asserting state law actions "'if [the] case meets all four requirements' of the Supreme Court's four-prong standard." *Id.* at 386 (quoting *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016)). Because this case fails to do so, this Court concludes that it does not have federal question jurisdiction. Accordingly, this case must be remanded to state court.

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that because this Court lacks subject matter jurisdiction over this action, the action is REMANDED to the General Court of Justice, Superior Court Division, Rowan County, North Carolina.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action upon remand.

This the 19th day of October 2020.

/s/ Loretta C. Biggs